# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jeffrey Wayne Walker, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:16-cv-03738-JMC |
| | ) | |
| Cherokee County Detention Center, | ) | **ORDER** |
| Major Stephen Anderson, | ) | |
| | ) | |
|         Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), recommending that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice. For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 11).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 11) is accurate, and the court adopts this summary as its own. Subsequently, the court will only recite herein, facts pertinent to the court's review of the Report (ECF No. 11). On February 10, 2017, Magistrate Judge Kaymani D. West filed the Report (ECF No. 11) and on February 24, 2017, Plaintiff timely filed an Objection (ECF No. 15).

## II. JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 which gives the court jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. Plaintiff brings his case pursuant to 42 U.S.C. § 1983 for Defendants alleged violation of his civil rights.

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). "In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error." *James v. Cohen*, No. CV 1:17-01256-TMC, 2017 WL 4371548, at *1 (D.S.C. Oct. 3, 2017) (citing *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). Additionally, "[i]n the absence of objection, for which provision is made by the statute [28 U.S.C. § 636(b)(1)(C)], we do not believe [the court's acceptance of the Magistrate Judge's Report and Recommendation] requires any explanation." *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. *See Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also* 28 U.S.C. § 636(b)(1).

## IV. ANALYSIS

Plaintiff's Objection (ECF No. 15) is not specific to the Report, simply reiterating that Major Anderson was responsible for the violations of his civil rights.[1] The Magistrate Judge addressed Plaintiff's claims against Major Anderson, construing Plaintiff's claims to include claims against Major Anderson both in his official and individual capacity. (ECF No. 11 at 4-5.) The Magistrate Judge found that Major Anderson had Eleventh Amendment immunity in his official capacity (*id.* at 4), and that he could not be found liable in his individual capacity pursuant to Section 1983, "simply based on his job as the overall supervisor at CCDC." (*Id.* at 7.) The Magistrate Judge found that Plaintiff did not establish a plausible Section 1983 claim against Defendant Anderson, thus Plaintiff's Complaint must be dismissed as to him.[2] (*See Id.* at 7.) Without specific objections to any part of the Report, the court does not need to review the Report *de novo*, but must only ensure that no clear error has been made. *See* Fed. R. Civ. P. 72(b)(2)-(3); *James*, 2017 WL 4371548, at *1.

## V. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Therefore, the court **OVERRULES** Plaintiff's

---

[1] Plaintiff also states that he would like to add South Carolina and Major Anderson in his "personal" capacity to this case. (ECF No. 15 at 2.) In her Report, the Magistrate Judge sufficiently addressed Plaintiff's claims against Major Anderson in his individual capacity. To the extent that Plaintiff seeks add the state of South Carolina, this amendment to the Complaint is prohibited pursuant to the Eleventh Amendment to the United States Constitution.

[2] Plaintiff did not object to the Magistrate Judge's finding that Plaintiff could not state a Section 1983 claim against Defendant Cherokee County Detention Center because it is not a person, and the Report's recommendation that Plaintiff's Complaint be dismissed as to this Defendant. (*See* ECF No. 11 at 3.)

Objection (ECF No. 15) and **ACCEPTS** the Report (ECF No. 11) **DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1).

    **IT IS SO ORDERED.**

                                                     United States District Judge

February 28, 2018
Columbia, South Carolina